IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHEREE MARZETTE,

                Plaintiff,　　　　　　　　　ORDER

   v.
　　　　　　　　　　　　　　　　　　　　　　14-cv-189-jdp

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration,

                Defendant.

---

      Plaintiff Sheree Marzette, proceeding pro se on appeal, seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Commissioner of Social Security, finding her not disabled within the meaning on the Social Security Act. For reasons discussed more fully during the oral argument on March 19, 2015, the court will remand this case to the Commissioner.

      Plaintiff's submissions suggested two issues: that the ALJ had applied the wrong rules, and that there was additional evidence that the ALJ should consider. Neither of these issues have merit. Plaintiff could not specify what rules had not been followed. Nor could plaintiff articulate any evidence that the ALJ should have considered that he did not. As counsel for the Commissioner explained at the hearing, the additional records submitted by plaintiff were either untimely without justification, from irrelevant times, or already before the ALJ. At the hearing, plaintiff said that the ALJ should have considered that her headaches were so severe that they sometimes caused her to vomit. The treatment records considered by the ALJ already showed this.

      The ALJ's decision is admirably thorough, but it has one problem that will require remand. The ALJ concluded that headaches were one of plaintiff's severe impairments (along with degenerative changes to the left shoulder and pain in the hips/thighs of "uncertain

etiology"). Plaintiff testified that she suffers constant debilitating headaches. In making an assessment of plaintiff's residual functional capacity, the ALJ stated that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." The ALJ went on to provide a detailed discussion of plaintiff's treatment history and ultimately decided on an RFC allowing "less than the full range of light work" with a limitation on overhead reaching with her left arm, an instruction to avoid heights, hazards, ladders, and scaffolds, and a statement that she would be off task "up to 5% of the workday."

The problem with the ALJ's decision is that the RFC does not logically flow from the discussion of plaintiff's treatment history and the conclusion that she is only partially credible. The ALJ found that plaintiff is somewhat credible and that her headaches are indeed a severe impairment. But he does not explain how severe he believes the headaches are or how often they occur. Thus it is unclear precisely how he considered the headaches in arriving at the particular limitations in the RFC. At the hearing, counsel for the Commissioner suggested that the 5% off-task limitation was essentially ALJ's concession that plaintiff's headaches would interfere to some degree with her ability to work. But the ALJ did not explain how being off task 5% of the time would allow plaintiff to deal with intermittent debilitating headaches. The Commissioner also argued that this was harmless error, because the record as a whole plainly showed that plaintiff was not disabled. Although the ALJ could reach the same ultimate conclusion on remand, the error is not harmless. The limitations in the RFC must be specifically and accurately tailored to the plaintiff's impairment.

The ALJ did not build a logical bridge between plaintiff's headaches, which he acknowledges to be a severe impairment, and the specific limitations in the RFC. On remand, the ALJ must:

- More carefully account for the extent and severity of plaintiff's headaches with appropriate specific limitations in the RFC.

- If the RFC is materially changed on remand, consider whether new vocational expert evidence will be necessary.

This order does not mandate that any evidence be given a particular weight, nor does it mandate a finding of disability.

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Sheree Marzette's application for disability benefits is REVERSED AND REMANDED. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered March 23, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge